The **UPJOHN COMPANY,** Plaintiff-Appellant,

v.

**PENNSYLVANIA RAILROAD COMPANY,**

and

**Missouri-Kansas-Texas Railroad Company,** Defendants-Appellees.

No. 17107.

United States Court of Appeals
Sixth Circuit.

July 31, 1967.

George S. Dixon, Detroit, Mich., for appellant, Matheson, Dixon & Bieneman, Detroit, Mich., of counsel.

Edward R. Gustafson, Chicago, Ill., for appellees, William A. Thie, Dallas, Tex., on the brief, Uhl, Bryant, Wheeler & Upham, Grand Rapids, Mich., of counsel.

Before CELEBREZZE and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This is an appeal from an Order of the District Court granting judgment of no cause of action to Defendants-Appellees.

The action was filed under 49 U.S.C., Section 16(2) for enforcement of a reparation Order of the Interstate Commerce Commission. In January, 1955, Plaintiff-Appellant filed a complaint before the Interstate Commerce Commission claiming it had been over-charged for the shipment of certain drugs. The Commission denied the claim and also denied a petition for rehearing. Approximately three years later the Commission, in American Home Food, Inc. v. Delaware, L. & W. R. Co., 303 I.C.C. 655, a wholly unrelated case but involving exactly the same issue as the Upjohn case, took a different position and arrived at a result contrary to the result reached by the Commission in the Upjohn proceeding. Thereupon, the Appellant filed a petition for reconsideration of the Commission's finding in its original action on the basis of the Commission's ruling in *American Home Foods, Inc.* The Commission granted Appellant's petition for reconsideration and the reparation Order was entered in favor of Appellant. Appellant instituted this suit to recover the excess rates paid to Appellees.

Rule 101(f) of the Interstate Commerce Commission provides that successive petitions submitted by the same party upon substantially the same grounds as former petitions which have been considered and denied by the entire Commission will not be entertained. The District Court found that the Interstate Commerce Commission did not have the right to waive its own rules of practice so as to reconsider the matter.

We affirm for the reasons stated in the District Court's memorandum opinion, and the holding of this Court in School District 2 Fractional v. United States, 229 F.2d 681, 686 (6 Cir., 1956) where we stated:

"'This holding is buttressed by the settled rule that a valid administrative regulation binds the administrator himself equally with others, (citations omitted) the same as though the provisions of the regulation were prescribed in terms by the statute.'"

In arriving at this conclusion we are mindful that the Commission has authority to correct purely inadvertent ministerial errors. However, such is not the case in the present proceeding. No inadvertent error is cited by the Commission. The Commission's only basis for reversal of its prior decision is that, after some three years of elapsed time in a proceeding in another matter with the same factual situation, it has adopted a different policy, and therefore seeks to apply retroactively its new policy. To permit such retroactive action would result in chaos and uncertainty of action for those who must rely on its findings.

This principle was well stated in American Trucking Associations, Inc. v. Frisco Transportation Co., 358 U.S. 133, 79 S. Ct. 170, 3 L.Ed.2d 172, wherein the Supreme Court stated:

" * * * the power to correct inadvertent ministerial errors may not be used as a guise for changing previous decisions because the wisdom of those decisions appears doubtful in the light of changing policies. Such was the case in United States v. Seatrain Lines, 329 U.S. 424, 67 S.Ct. 435, 91 L.Ed. 396 * * * where it was apparent that the Commission had not reopened prior proceedings to correct a mistake in the issuance of a certificate but to execute a subsequently adopted policy." See also Watson Bros. Transportation Co. v. United States, a District Court decision. 'To allow the reopening of proceedings in such a case under the pretext of correction would undercut the obvious purpose of § 212 of the Interstate Commerce Act, 49 U.S.C. § 312, which makes the issuance of a certificate the final step in the administrative process. But nothing in that Section prohibits the correction of inadvertent errors.' "

Affirmed.